NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-3459-15T3

DAVID KOPECKY,

 Petitioner-Appellant,

v.

DEPARTMENT OF COMMUNITY AFFAIRS,
SANDY RECOVERY DIVISION,

 Respondent-Respondent.

______________________________________

 Submitted September 12, 2017 – Decided September 21, 2017

 Before Judges Leone and Mawla.

 On appeal from the Department of Community
 Affairs, Docket No. LMI 0001468.

 David Kopecky, appellant pro se.

 Christopher S. Porrino, Attorney General,
 attorney for respondent (Melissa Dutton
 Schaffer, Assistant Attorney General, of
 counsel; Brian M. Kerr, Deputy Attorney
 General, on the brief).

PER CURIAM

 Petitioner David Kopecky appeals from a January 19, 2016

final decision by respondent, New Jersey Department of Community
Affairs (DCA), following a hearing denying him a grant under the

Low-to-Moderate Income Program (LMIP) to repair his New Brunswick

home. LMIP offers grants to eligible homeowners under the Sandy

Recovery Program and is administered by the DCA. Petitioner's

grant application was denied because he did not submit repair

estimates from an LMIP approved source and could not link the

damage to his home or its subsequent condemnation to Superstorm

Sandy. Finding no error in the administrative law judge's (ALJ)

findings, we affirm.

 The following facts are taken from the record. In 2011,

Hurricane Irene damaged the back wall of petitioner's home, causing

it to rot and eventually develop a hole. Petitioner received

$10,832.46 in Federal Emergency Management Agency (FEMA)

assistance to repair the damage caused by Irene. Petitioner did

not remediate the damage and it existed in October 2012, when

Superstorm Sandy struck New Jersey. Petitioner did not receive

FEMA assistance and applied to the LMIP, but the DCA denied a

grant because he did not have a verified loss of $8000 or flooding

greater than one foot on the first floor of his home caused by

Sandy.

 As a part of his LMIP application, petitioner presented an

estimate dated more than one year before Superstorm Sandy. He

presented a second estimate for repair dated after the storm

 2 A-3459-15T3
indicating the damage was "due to storm," but not indicating which

storm. A third estimate provided by petitioner was for "repair

[of the] rear exterior wall" — the same damage caused by Hurricane

Irene. All estimates provided by petitioner were from private

contractors.

 The ALJ issued a written decision, adopted by the DCA, finding

the contractor estimates failed to link the damage to Superstorm

Sandy. The ALJ also found the contractor estimates were not "[t]he

accepted and adequate examples of third-party verifications" under

the LMIP.

 On appeal, petitioner asserts he provided adequate proof the

damage resulted from Superstorm Sandy. He argues even if his

estimates were inadequate, the condemnation of his home was proof

of damage totaling at least $8000.

 Our scope of review of an administrative agency's final

decision is limited. In re Hermann, 192 N.J. 19, 27 (2007). The

"final determination of an administrative agency . . . is entitled

to substantial deference." In re Eastwick Coll. LPN-to RN Bridge

Program, 225 N.J. 533, 541 (2016).

 An appellate court will not reverse an
 agency's final decision unless the decision
 is "arbitrary, capricious, or unreasonable,"
 the determination "violate[s] express or
 implied legislative policies," the agency's
 action offends the United States Constitution
 or the State Constitution, or "the findings

 3 A-3459-15T3
 on which [the decision] was based were not
 supported by substantial, credible evidence in
 the record."

 [Ibid. (quoting Univ. Cottage Club of
 Princeton N.J. Corp. v. N.J. Dep't of Envtl.
 Prot., 191 N.J. 38, 48 (2007)).]

As noted by the ALJ, the LMIP provides as follows:

 Level of Damage

 The residence must have sustained damage as a
 result of Superstorm Sandy with a Full
 Verified Loss (FVL) of at least $8,000 or at
 least one (1) foot of water on the first floor,
 as determined by FEMA, its sub-agencies, or
 affiliates. If FEMA records do not confirm
 the minimum level of damage, inspection data
 from the Small Business Administration (SBA)
 will be reviewed to determine if those records
 indicate an eligible level of damage. If data
 from these sources do not confirm the minimum
 level of damage, the applicant will be
 determined ineligible. The applicant will be
 notified in writing and offered an opportunity
 to submit acceptable third party documentation
 as noted below to verify the damage level.
 This review will follow the process in
 accordance with the appeals policy. The third
 party information that may be submitted as
 acceptable damage eligibility documentation
 include[s] the following:

  National Flood Insurance Program (NFIP);

  Insurance Adjuster Estimate (IAE);

  Insurance documents demonstrating $8,000
 or greater in damage to the dwelling; and

  Damage Letter from local township
 demonstrating $8,000 or greater in damage

 4 A-3459-15T3
 or excess of one (1) foot of flooding to
 the dwelling.

 [N.J. Dep't of Cmty. Affairs, Low-to-Moderate
 (LMI) Program Policies and Procedures 1.3
 (2017),
 http://www.renewjerseystronger.org/wp-
 content/uploads/2017/04/2.10.79-LMI-Program-
 Policies-and-Procedures-Final-Signed.pdf.]

 Petitioner does not assert he had a foot of water on the

first floor of his home. He does not challenge the LMIP's

mandatory categories of third-party verification, but instead

asserts the contractor estimates he provided were adequate.

However, none of the three estimates he obtained quantified damages

by documentation from the sources required by the LMIP. Also,

none of the estimates tied the damage to petitioner's home to

Superstorm Sandy. And no such tie was established between the

subsequent condemnation of petitioner's home and Sandy. This was

necessary considering he had not made the repairs resulting from

the damage caused by Hurricane Irene.

 The ALJ's determination, adopted by the DCA, was based on

substantial and credible evidence in the record. It neither

violated any constitutional or legislative policies nor was it

arbitrary, capricious or unreasonable.

 Affirmed.

 5 A-3459-15T3